IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GDC TECHNICS, LTD., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 5:15-CV-488-RP |
| § | |
| JAMES ROGER GRACE and § | |
| J.R.G. DESIGN, INC., § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is the above-styled cause. On this day, the Court held a hearing on Plaintiff GDC Technics, Ltd.'s Application for Temporary Restraining Order and Preliminary Injunction. (Dkt. 73). At the conclusion of the hearing, the Court granted Plaintiff's Application. The following memorializes that order.

## BACKGROUND

The facts relevant to the pending Application concern a supplemental type certificate ("STC") issued by the Federal Aviation Administration ("FAA"). The FAA is tasked with promoting the safe flight of civil aircraft in air commerce. It does so by prescribing minimum standards related to the design, construction, quality, and performance of aircraft. The FAA ensures compliance with these standards through use of a certification process. The FAA evaluates proposed aircraft designs and issues approvals in the form of type certificates when, following the certification process, it deems the regulated product to be in compliance with its standards. Any alterations to an approved design must also receive FAA approval. If the FAA determines that the altered product complies with the relevant standards and regulations, the FAA will issue an STC that authorizes the modification. Once issued, the STC and its supporting data are the property of the holder of the STC and may be transferred or licensed to others.

The dispute currently before the Court concerns STC 01850NY, a modification that enables an aircraft to receive live television broadcasts while in flight. The STC issued in 2003 to Defendant JRG Designs, which remains the listed holder. In 2009, Defendants executed a contract with Plaintiff that purported to convey "all rights and interest in the [STC]" to Plaintiff in exchange for a payment of $567,000.00. (Sale and Purchase Agreement, Dkt. 73-2). "After GDC acquires the STC," the Agreement states, "it is agreed that JRG will have the right to use the STC only as necessary to finalize the Part 26 ICA commitment to all the operators that have installed the system prior to GDC's acquisition of the STC." (*Id.*).

In spite of the Agreement, Defendants never transferred the STC to Plaintiff. Defendants insist that they sold Plaintiff an unlimited license or franchise to use the STC, but did not intend to convey the STC itself. Plaintiff, of course, disagrees, and claims that it is entitled to the STC itself. Its lawsuit, filed June 12, 2015, is based in part on this alleged breach of the Agreement. Among other relief, Plaintiff's Complaint seeks specific performance of designation of Plaintiff as holder of the STC and transfer of the STC to Plaintiff's possession.

On December 14, 2015, Defendant Grace sent an email to a certain Alec Bell which stated that an "unfounded lawsuit" will force JRG out of business, which would require him to surrender his STCs to the FAA. (Dec. 14 Email, Dkt. 73-6, at 5). That same day, Defendant engaged in an email exchange with Mickael Villermet, a manager at another aircraft company. Defendant informed Villermet that he was offering the STC to interested parties for a price of $350,000. (*Id.* at 2–3). On January 9, 2017, Defendant sent Villermet a further message stating that he would surrender the STC this week. (*Id.* at 1).

Plaintiff learned of Defendant's intentions shortly thereafter and promptly filed the current Application. Plaintiff seeks an order enjoining Defendants from surrendering or otherwise transferring the STC until the question of its ownership can be resolved.

**LEGAL STANDARD**

A preliminary injunction is an extraordinary remedy and the decision to grant a preliminary injunction is to be treated as the exception rather than the rule. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief must "carr[y] the burden of persuasion on all four requirements." *PCI Transp. Inc. v. Western R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

**DISCUSSION**

The Court finds that Plaintiff has met its burden as to each factor. Plaintiff has produced a contract purporting to show a sale of the STC—or at least the right to use the STC—to Plaintiff. (*See* Sale and Purchase Agreement, Dkt. 73-2). There is no dispute that the agreement conveys some right to Plaintiff. The Court is aware of Defendants' position that Plaintiff's claim on the Sale and Purchase Agreement is time-barred. Nonetheless, Plaintiff has presented a strong argument that its claim is not barred. (Pl.'s Resp., Dkt. 64); *see Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009) ("A plaintiff is not required to prove its entitlement to summary judgment in order to establish 'a substantial likelihood of success on the merits' for preliminary injunction purposes.") (quoting *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 325 F.3d 586, 596 n.34 (5th Cir. 2003). Accordingly, Plaintiff has shown a reasonable likelihood of success on the merits.

Plaintiff has also established that it will likely suffer irreparable harm if an injunction is not issued. Plaintiff has produced emails authored by Defendant James Grace indicating that he is planning to surrender the STC to the FAA as early as this week. (Jan. 9 Email, Dkt. 73-6, at 1 ("Good Morning Michael, JRG will be surrendering the STC for the live tv this week . . . .").

Plaintiff has shown that surrendering the STC to the FAA is an irreversible step that would extinguish any rights Plaintiff may have in it. (*See* FAA Order 8110.120, Dkt. 73-7). Moreover, money damages resulting from the loss of the STC may be difficult to calculate or unrecoverable.

The equities also weigh in Plaintiff's favor. As discussed above, there is no dispute that Defendant Grace transferred *some* interest in the STC to Plaintiff which will be lost upon the STC's surrender. While Defendant suggested that an order enjoining the surrender or transfer of the STC would affect a potential bankruptcy, he did not explain why that would be so, nor did he suggest that he planned to file a bankruptcy petition before this litigation could be resolved.

Finally the Court is convinced that the injunction will not disserve the public interest. Accordingly, Plaintiff has demonstrated that it is entitled to injunctive relief.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction is **GRANTED**. Defendants Roger Grace and JRG Design, Inc., are hereby **ENJOINED** from surrendering, selling, transferring, or taking any actions that would have the effect of changing or modifying the records at the Federal Aviation Agency or affecting the validity of STC ST01850NY until the conclusion of a trial on the merits.

**SIGNED** on January 11, 2017.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE