### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| **GDC TECHNICS, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. SA-15-CV-488-RP** |
| | § | |
| **JAMES ROGER GRACE AND J.R.G.** | § | |
| **DESIGN, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

### ORDER

Before the Court in the above-styled cause of action is The Snell Law Firm's Opposed Motion to Withdraw as Defendants' Counsel [#71] and Plaintiff's Response in Opposition to The Snell Law Firm, P.L.L.C.'s Opposed Motion to Withdraw as Defendants' Counsel [#76]. The motion was referred to the undersigned for disposition pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#72].[1] The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). The Court held a hearing[2] on the motion on February 8, 2017, at which counsel for all parties were present [# 82, 83]. Having considered the motion, response, and the representations of counsel at the hearing, the Court finds that the motion should be denied.

---

[1] The motion was initially referred to Magistrate Judge Pamela Mathy on January 4, 2017 [#72], but was administratively reassigned to the undersigned's docket on January 18, 2017, upon Judge Mathy's retirement.

[2] The Court will enter a separate order on the other motions heard at this hearing.

"An attorney may withdraw from representation . . . upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1988). "The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court . . . ." *Id.*

Jason W. Snell and John Robert Skrabanek of the Snell Law Firm, represent both Defendants in this lawsuit: James Roger Grace J.R.G. Design, Inc. Mr. Snell and Mr. Skrabanek claim that good cause exists for their withdrawal as counsel because Defendants have failed to fulfill their obligations regarding counsel's services.

Although the Court is sympathetic to the plight of Mr. Snell and Mr. Skrabanek, there are two reasons the Court will deny the motion to withdraw. First, this case has been pending since June 12, 2015, and the Snell Law Firm has represented Defendants since the inception of litigation. The parties have conducted extensive discovery, filed cross-motions for summary judgment, and are currently preparing for trial on March 20, 2017. The parties have had this trial date since December 18, 2015, when Judge Pitman rendered his Scheduling Order [#17]. It is highly unlikely, if not implausible, that Defendants would be able to secure substitute counsel and still proceed to trial as scheduled. Were the Court to permit the Snell Law Firm to withdraw at this late point in the litigation, it would unquestionably result in a significant delay with respect to trial and cause substantial prejudice to Plaintiff.

Secondly, and perhaps more importantly, allowing Mr. Snell and Mr. Skrabanek to withdraw their representation would cause a serious issue for J.R.G. Design and the Court, as it would leave a corporate defendant without representation. "The rule is well established that a corporation can appear in a court of record only by an attorney at law." *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *see also Rowland v.*

*California Men's Colony*, 506 U.S. 194, 202 (1993) ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel.").   When faced with an unrepresented corporate defendant, courts have the discretion to take a number of appropriate measures, including prohibiting the defendant's appearance, ordering the defendant to find substitute counsel, dismissing the case, or entering a default judgment against the unrepresented defendant if counsel is not obtained.  *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 & n.5 (5th Cir. 2004); *PalWeb Corp. v. Vimonta AG*, 2003 WL 21992488, at *1 (N.D. Tex. Aug. 19, 2003); *Mount Vernon Fire Ins. Co. v. Obodoechina*, 2009 WL 424326, at *1 (S.D. Tex. Feb. 19, 2009).

Neither Mr. Grace nor any other representative of J.R.G. Design (other than its counsel) appeared at the hearing on the motion to withdraw.  Therefore, the Court was unable to ask Mr. Grace directly of any intent to pursue substitute counsel for himself or for his company, although Mr. Snell represented to the Court at the hearing that no arrangements for substitute counsel have been made at this time.  Mr. Snell also noted that his clients did not oppose his firm's motion to withdraw. However, the Court was unable to confirm that Mr. Grace understands the risk of proceeding *pro se* in the defense of the claims against him individually, or, even more signficiantly, that he understands the risks to J.R.G. Design if its counsel withdraws, including the risk  that a default judgment could be entered. [3]   Accordingly, the Court will deny the motion.

-------

[3] If counsel for Defendants provides a declaration in which Mr. Grace indicates that he does not oppose withdrawal and that he understands the potential consequences of that withdrawal for himself and for J.R.G. Design, the Court will reconsider its ruling after considering any opposition by Plaintiffs.

**IT IS THEREFORE ORDERED** that The Snell Law Firm's Opposed Motion to Withdraw as Defendants' Counsel [#71] is **DENIED**.

**SIGNED this 10th day of February, 2017**.

ELIZABETH S. ("BETSY") CHESTNEY
U.S. MAGISTRATE JUDGE