IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GDC TECHNICS, LTD., § | | |
|    *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 5:15-CV-00488-RP | |
| § | | |
| JAMES ROGER GRACE and § | | |
| J.R.G. DESIGN, INC., § | | |
|    *Defendants*. § | | |

**OPPOSED SECOND MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL**

COME NOW Movants, The Snell Law Firm, P.L.L.C. and Jason W. Snell and John Robert Skrabanek, who bring this Opposed Second Motion to Withdraw as Defendant's Counsel. Movants request permission to withdraw from representing Defendant J.R.G. Design, Inc. in this matter, and in support thereof, would show the Court as follows:

1. Plaintiff's claims and causes of action against James Roger Grace were dismissed. J.R.G. Design, Inc. ("Defendant") is the sole Defendant in the above styled and numbered cause. This matter is currently in a settled state, with the parties waiting for certain external, technical and procedural matters to occur before this matter is fully and finally disposed-of. During this interval, as set out below, the relationship between Movants and James Roger Grace (principal for Defendant) has completely broken-down, cannot be repaired, and the situation cannot persist.

2. In the Fifth Circuit, "[a]n attorney may withdraw from representation . . . upon leave of the court and a showing of good cause and reasonable notice to the client. The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court . . . ." *Williams v. Huntington Ingalls, Inc.*, 488 F. App'x 864, 866 (5th Cir. 2012) (quoting *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1988) (alteration in original)).

3. Good cause exists for withdrawal of Movants as counsel in that the attorney-client relationship between Movants and James Roger Grace (principal for Defendant) have completely broken down beyond repair. It has become impossible to effectively communicate with James Roger Grace. Since October of 2016, The Snell Law Firm has been funding this litigation for Defendants. Defendants have even refused to reimburse Movants their out-of-pocket expenses in an amount in excess of $2,200.00. James Roger Grace and J.R.G. Design, Inc. now owe Movants in excess of $44,000.00 in attorney fees and expenses and have not made a single payment since October 2016. The relationship between Movants and James Roger Grace is beyond repair, and is irreparably damaged.

4. Moreover, James Roger Grace (for Defendant) certainly appears to be capable of paying money to, and retaining, new counsel if he so desires. This is evidenced by the fact that Defendants retained Delaware bankruptcy attorney David M. Klauder during the week leading up to the March trial setting.

5. As set out above, Defendant has failed to fulfill its obligations to Movants. Remaining in the case would continue to impose a very substantial and undue financial burden on Counsel. <u>In fact, Defendant does not even require an attorney to the extent it simply complies with the Joint Notice of Settlement [Dkt 129] filed on March 21, 2017.</u>

6. Despite stating in open court to Judge Robert Pitman on February 8, 2016 that he does not oppose this relief, James Roger Grace has since opposed this relief. James Roger Grace understands Counsel's intent to withdraw.

7. This withdrawal is not sought for purposes of delay but so that justice may be done.

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court enter an order permitting The Snell Law Firm, P.L.L.C. and Jason W. Snell and John Robert Skrabanek to

withdraw as counsel for Defendant.

>Respectfully submitted,
>
>THE SNELL LAW FIRM, P.L.L.C.
>
>BY:  /s/ Jason W. Snell
>     Jason W. Snell
>     Bar No. 24013540
>     John Robert Skrabanek
>     Bar No. 24070631
>     Chase Tower
>     221 W. 6th Street, Suite 900
>     Austin, Texas 78701
>     (512) 477-5291 – Telephone
>     (512) 477-5294 – Facsimile
>     firm@snellfirm.com – Email
>
>ATTORNEYS FOR DEFENDANTS, JAMES ROGER GRACE and J.R.G. DESIGN, INC.

## CERTIFICATE OF CONFERENCE

The undersigned certifies that Defendants' counsel has conferred in good faith with Plaintiff's counsel and Plaintiff's counsel is opposed to the relief requested in this motion.

>/s/ Jason W. Snell
>Jason W. Snell

## CERTIFICATE OF SERVICE

I certify that on the 1st day of May 2017, I caused the foregoing document to be electronically filed with the Clerk of the Court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Plaintiff by and through their counsel of record.

>/s/ Jason W. Snell
>Jason W. Snell