IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GDC TECHNICS, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 5:15-CV-488-ML |
| | § | |
| JAMES ROGER GRACE and | § | |
| J.R.G. DESIGN, INC., | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is the motion of The Snell Law Firm, P.L.L.C., Jason W. Snell, and John Robert Skrabanek to withdraw as counsel for Defendant J.R.G. Design, Inc. (Dkt. 132). By way of their motion, the movants inform the Court that the relationship between the movants and their client has irretrievably broken down and that Defendant's non-payment of fees makes continued representation a substantial and undue financial hardship. The movants therefore request that this Court permit them to withdraw from their representation of Defendant. Plaintiff GDC Technics, Ltd. opposes this relief. So, too, does Defendant. (*See* Mot. to Withdraw, Dkt. 132, at 2).

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal." *Rabin v. McClain*, No. SA-10-CV-981-XR, 2011 WL 3793939, at *1 (W.D. Tex. Aug. 25, 2011). "'[I]n assessing whether counsel has good cause to resign, federal courts look to multiple factors,' paramount among those factors 'are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice.'" *Id.* (quoting *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)). "The record must generally reflect an appropriate basis for granting leave; unsubstantiated claims are insufficient." *F.T.C. v.*

*Itellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993). The decision whether to permit withdrawal lies within the sound discretion of the court. *Wynn*, 889 F.2d at 646.

Having reviewed the motion and the affidavit in support thereof, the Plaintiff's response, and the relevant law, the Court declines to permit the movants to withdraw from representation at this time. The Court disagrees, based on the record before it, that continuing the representation will impose an undue financial burden on the movants. The movants recognize that this case is in a settled state and even inform the Court that "Defendant does not even require an attorney to the extent it simply complies with the Joint Notice of Settlement . . . ." (Mot. to Withdraw, Dkt. 132, at 2). If that is so, it is not clear to the Court what work, if any, the movants will be called upon to perform beyond the filing of a stipulation of dismissal[1] that Defendant would not, as a corporation, be able to file on its own behalf. *See Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law."). The Court does not believe that the minimal burden imposed by this task justifies the risk of disruption posed by allowing Defendant to proceed in this matter unrepresented. *See Hernandez v. Aleman Constr., Inc.*, No. 3:10-cv-2229-BN, 2014 WL 1794833, at *2 (N.D. Tex May 5, 2014) ("Even where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'") (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981)).

On the other hand, the Court is not blind to the fact that James Grace, the owner of Defendant J.R.G. Design, Inc., has in the past shown a willingness to create unnecessary work for his counsel. For example, his conduct during the pendency of this litigation led to the entry of a preliminary injunction against him and necessitated motion practice over whether sanctions against him were appropriate. Should similar conduct require significant efforts from counsel in the future,

---

[1] By order dated March 21, 2017, this Court directed the parties to file a joint stipulation of dismissal by July 19, 2017. (*See* Dkt. 130).

it may change the Court's view about whether the burden on counsel warrants withdrawal. If the Court receives a renewed motion to withdraw under those circumstances, it is the intent of this Court to require James Grace to appear personally at a hearing so that the Court may more adequately assess Defendant's conduct, the relationship between Defendant and its counsel, and Defendant's ability to find substitute counsel. At this point, however, the Court will not assume the worst, but will instead rely on the movants' representation that this case, being in a settled state, will require no efforts of an attorney prior to dismissal. (*See* Mot. to Withdraw, Dkt. 132, at 2).

For the foregoing reasons, the Opposed Second Motion to Withdraw as Defendant's Counsel is **DENIED**. (Dkt. 132).

SIGNED May 15, 2017.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE